IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK MUTUAL INSURANCE CO.<br>5280 Corporate Drive<br>Frederick, MD 21703 | : <br> : <br> : <br> : | C.A. No. |
| Plaintiff, | : <br> : | |
| v. | : <br> : | **JURY TRIAL DEMANDED** |
| SUNMI JANG<br>d/b/a Venus Nail Bar, Inc.<br>6121 Ridge Avenue<br>Philadelphia, PA 19128 | : <br> : <br> : <br> : <br> : | |
| And | : <br> : | |
| FELICIA COLBURNE<br>1211 N 29th Street<br>Philadelphia, PA 19121 | : <br> : <br> : <br> : | |
| Defendants. | | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

AND NOW, comes the Plaintiff, Frederick Mutual Insurance Company by and through its counsel, Michael F. Nerone, Bredan Birmingham and Pion, Nerone, Girman & Smith PC and files this Complaint for Declaratory Judgment, in support of which it avers the following:

1. Plaintiff, Frederick Mutual Insurance Company ("FMIC"), is a Maryland entity which maintains its principal place of business in Frederick, Maryland.

2. Defendant, Sunmi Jang, based upon information and belief, operated a state licensed nail salon known as Nail Art Bar, at 6121 Ridge Avenue, Philadelphia, Pennsylvania on or about August 9, 2022. Defendant Jang is an adult individual who resides, based upon information and belief, in Pennsylvania.

3. Defendant, Felicia Colburne, based upon information and belief, is an adult individual who resides at 1211 N. 29th Street, Philadelphia, Pennsylvania.

4. There is complete diversity between Plaintiff and Defendants. As a result, jurisdiction in this Court exists pursuant to 28 U.S.C. §1332.

5. Defendant Colburne has filed an action for bodily injuries in the Court of Common Pleas of Philadelphia County, Pennsylvania at Case ID: 240800751 ("Underlying Action").

6. A true and correct copy of the Complaint filed in the Underlying Action is attached hereto as Exhibit 1.

7. In her Complaint, Defendant Colburne alleges that she had a pedicure performed at Defendant Jang's nail salon on August 9, 2022 and as a result of Defendant Jang's and Defendant Jang's employee's negligence this pedicure caused Defendant Colburne to suffer severe infection. See Exhibit 1, at Paragraph 7.

8. FMIC issued a Business Owner's Policy, bearing Policy No. BP202201580, to  A true and correct copy of the Business Owner's Policy is attached hereto as Exhibit 2.

9. Defendant Jang is the only named insured on the Business Owner's Policy.

10. The Business Owner's Policy includes general liability coverage.

11. The Business Owner's Policy also includes several exclusions, including among others, Professional Services Exclusion; Fungi or Bacteria Exclusion, and Communicable Disease Exclusion.

12. Under Pennsylvania law, pursuant to 63 P.S. § 514, it is illegal "to practice . . . nail technology for pay in any place other than a licensed cosmetology salon or a salon limited to . . . nail technology."

13. Based upon information and belief, Defendant Jang and any employee involved in providing pedicure services to Defendant Colburne were duly licensed and/or were required to be licensed to perform such services.

14. Pedicure services are professional services.

15. In her Complaint, Defendant Colburne has alleged she suffered "a severe fungal infection that spread throughout her body requiring hospitalization, loss of her toenails . . .". Exhibit 1, at Paragraph 15.

16. Defendant Jang tendered her defense and indemnification of the Underlying Action to FMIC.

17. FMIC has been defending Defendant Jang in the Underlying Action, subject to reservation of its rights.

18. This action presents a case of actual controversy and is asserted pursuant to 28 U.S.C. § 2201-2202 and 42 Pa.C.S.A. § 7531, et. seq.

## **COUNT I**

19. FMIC incorporates herein by reference the averments set forth above in Paragraphs 1 through 18, as if the same were set forth herein at length.

20. The Professional Services Exclusion contained in the Business Owner's Policy states:

j. **Professional Services**

"Bodily injury", "property damage" or "personal and advertising injury" caused bY the rendering or failure to render any professional service. This includes but is not limited to:

(1) Legal, accounting or advertising services;

(2) Preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;

(3) Supervisory, inspection or engineering services;

(4) Medical, surgical, dental, X-ray or nursing services treatment, advice or instruction;

(5) Any health or therapeutic service treatment, advice or instruction;

(6) Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming;

(7) Optometry or optical or hearing aid services including the prescribing, preparation, fitting, demonstration or distribution of ophthalmic lenses and similar products or hearing aid devices;

(8) Body piercing services; and

(9) Services in the practice of pharmacy.

This exclusion applies even if the claims allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by an insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering or failure to render of any professional service.

4

21. Because Defendant Colburne has claimed she suffered her alleged bodily injuries as a result of obtaining a pedicure in Defendant Jang's salon, coverage for all such claims is barred by the Professional Services Exclusion.

WHEREFORE, FMIC respectfully requests that this Honorable Court declare the following;

a. FMIC has no duty to defend Defendant Jang and/or any other defendant in the Underlying Action;

b. FMIC has no duty to indemnify Defendant Jang and/or any other defendant in the Underlying Action against whom Defendant Colburne may obtain a judgment; and

c. Such other relief as this Court deems just and appropriate.

## COUNT II

22. FMIC incorporates herein by reference the averments set forth above in Paragraphs 1 through 21, as if the same were set forth herein at length.

23. The Fungi or Bacteria Exclusion contained in the Business Owner's Policy states:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# FUNGI OR BACTERIA EXCLUSION (LIABILITY)

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

The following provisions are added to **Section II – Liability**:

**A.** The following exclusion is added to Paragraph **B.1., Exclusions – Applicable To Business Liability Coverage:**

    **t. Fungi Or Bacteria**

        (1) "Bodily injury", "property damage" or "personal and advertising injury" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

        (2) Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

**B.** The following definition is added Paragraph **F. Liability And Medical Expenses Definitions:**

    1. "Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or by-products produced or released by fungi.

24. According to her Complaint, Defendant Colburne's claimed bodily injury would not have occurred but for her exposure to and presence of the fungus in Defendant Jang's salon.

25. As a result, coverage for Defendant Colburne's claims is barred by operation of the Fungi or Bacteria Exclusion.

WHEREFORE, FMIC respectfully requests that this Honorable Court declare the following;

    a. FMIC has no duty to defend Defendant Jang and/or any other defendant in the Underlying Action;

    b. FMIC has no duty to indemnify Defendant Jang and/or any other defendant in the Underlying Action against whom Defendant Colburne may obtain a judgment; and

    c. Such other relief as this Court deems just and appropriate.

**COUNT III**

26.     FMIC incorporates herein by reference the averments set forth above in Paragraphs 1 through 25, as if the same were set forth herein at length.

27.     The Communicable Disease Exclusion contained the Business Owner's Policy states:

**COMMUNICABLE DISEASE EXCLUSION**

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

The following exclusion is added to Paragraph **B. Exclusions** in **Section II – Liability:**

**Communicable Disease**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the actual or alleged transmission of a communicable disease.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the:

a. Supervising, hiring, employing, training or monitoring of others that may be infected with and spread a communicable disease;
b. Testing for a communicable disease;
c. Failure to prevent the spread of the disease; or
d. Failure to report the disease to authorities.

28.     Defendant Colburne's alleged bodily injury arose out of the transmission of a communicable disease from Defendant Jang, Defendant Jang's employees and/or Defendant Jang's salon.

29.     As a result, coverage for Defendant Colburne's claims is barred by operation of the Communicable Disease Exclusion.

WHEREFORE, FMIC respectfully requests that this Honorable Court declare the following;

a. FMIC has no duty to defend Defendant Jang and/or any other defendant in the Underlying Action;

b. FMIC has no duty to indemnify Defendant Jang and/or any other defendant in the Underlying Action against whom Defendant Colburne may obtain a judgment; and

c. Such other relief as this Court deems just and appropriate.

          Respectfully submitted,

          PION, NERONE, GIRMAN & SMITH, P.C.

By:   /s/Michael F. Nerone
       Michael F. Nerone
       PA ID #62446
       mnerone@pionlaw.com

       Brendan K. Birmingham
       PA ID #323023
       bbirmingham@pionlaw.com

       1500 One Gateway Center
       420 Fort Duquesne Boulevard
       Pittsburgh, PA  15222
       412-281-2288

Date:  March 13, 2026        *Counsel for Plaintiff, Frederick Mutual Insurance Company*